UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY STRUCKMAN,                      Case No. 1:17-cv-315
    Plaintiff,

                                                          Dlott, J.
   vs                                                      Bowman, M.J.

LOCKLAND POLICE                      **REPORT AND**
DEPARTMENT,                             **RECOMMENDATION**
    Defendant.

Plaintiff, a former inmate at the Hamilton County Justice Center,[1] brings this action under 42 U.S.C. § 1983 against the Lockland Police Department. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

---

[1] Plaintiff filed a motion for leave to proceed *in forma pauperis* indicating that at the time of filing he was incarcerated at the Hamilton County Justice Center. (*See* Doc. 1 at PageID 1). However, his complaint provides a P.O. Box address in Addyston, Ohio. (*See* Doc. 1-1, Complaint at PageID 5).

plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this civil rights action against the Lockland Police Department. (Doc. 1, Complaint at PageID 8). In its entirety, the complaint includes the following factual allegations:

> On 9-21-16 I Buddy Struckman was unlawfully arrested which resulted in damages resulting in financial hardship, physical distress. I was unlawfully processed without just cause. I was deprived of my civil liberties. I was restricted and detained from this unlawful action. The action was ultimately dismissed resulting in my need for redemption. I pray for the courts assistance in this matter against the lockland police department.

(*Id.* at PageID 9). For relief, plaintiff seeks monetary damages. (*Id.* at PageID 10).

Plaintiff has failed to state a viable claim against the Lockland Police Department because it is not an entity that is capable of being sued. *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v.*

3

*Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridicial entity subject to suit under Ohio law."). As the district court explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Even if the Court were to liberally construe the pro se complaint as alleging claims against the municipality of Lockland, plaintiff's complaint would nevertheless fail to state a claim for relief. Municipalities cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the

4

alleged deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that his constitutional rights were violated pursuant to a policy or custom of Lockland.  In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability.  *See Monell,* 436 U.S. at 693-94.

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BUDDY STRUCKMAN,<br>    Plaintiff, | Case No. 1:17-cv-315 |
| vs | Dlott, J.<br>Bowman, M.J. |
| LOCKLAND POLICE<br>DEPARTMENT,<br>    Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).